Charles A. Loreto, J.
This personal injury suit was tried by the court without a jury.
It involves a facial injury sustained by the infant plaintiff on August 17, 1960, when he was a paid camper in the defendant’s Summer camp located in the Catskills. At the time he was 13 years of age and occupied a bunk with 6 other boys. A water fight was arranged to be held on that morning between the boys of his bunk and about 10 boys of two other bunks of the camp. The boys were approximately the same age, some were slightly younger.
This activity was planned, directed and supervised by the camp activities division head and camp counsellors. It was intended that the water fight between these contending groups take place on a level grass area between the bungalows occupied by the boys; that the boys would be attired in bathing trunks and be barefooted; that they were to place buckets of water on the porches of their bungalows and then on a signal fill water cups or pistols with water and pursue any of the opposing boys to douse them with water; run and repeat this performance and, of course, run away from the opponents who would seek to douse them with water. During the contest which had continued for about a half hour, the infant plaintiff in running away from an opponent, pursuing him to douse him, slipped on the grass that had become wet, falling upon a concrete walk adjacent to his bungalow. ITe sustained a deep gash to his right cheek. The grass had become wet because of the water that the boys in their contest had secured from the water buckets and were attempting to spill over each other.
Although various charges of negligence have been asserted, the court is satisfied that this case does not present a situation of lack of supervision or insufficiency of supervision; nor does this case present any defect in the grounds on which the contest took place. Truly the contest of children water-dousing each other has every aspect of innocent play stimulating and refreshing on a warm Summer day. This contest for children must be distinguished from others when the play area remains unchanged. Here by the very act of play, the ground upon which they were to run necessarily would become wet. In their play and because of their play they caused the condition of the grass to become a potential risk. Of course, wet grass in itself is harmless. But for barefooted children chasing each other and running heedlessly on it, it possesses a lurking danger.-
The court finds that there was an error in judgment on the part of the defendant in planning, directing, requiring the boys to engage in this game, sport or contest for their recreation, *787 exercise and stimulation. In the court’s opinion it should have been reasonably anticipated that the ground, particularly the grass, upon which they were to engage in their water fight, would become wet and slippery and that the boys would participate in the contest with a certain abandon in running, perhaps pell-mell, and therefore they would be subject to the risk of slipping and falling because of the grass that they themselves had caused to become wet. If a water contest of this kind were conducted on a surface which would not become slippery, such as a sandy beach, the risk here created would not be presented.
Of course, a school or a camp for young children does not undertake to see that there shall not be falls or injuries. However, it is required to guard against the occurrence of those that are reasonably to be expected in a case of young children. The situation here presented is distinguishable from that where a child attending a Summer day camp fell while pushing a swing back and forth resting herself on the back of the swing, which is considered a normal peril for that type of innocent child’s activity. (Klein v. Hoffman, 15 A D 2d 899.)
Therefore, the court finds that defendant is chargeable with negligence which was the proximate cause of the infant plaintiff’s fall and injuries resulting therefrom.
The court finds that the infant plaintiff was not contributorily negligent. Nor can there be any charge of assumption of risk applicable here. All the children, except those who were ill or had some injury, were expected to and did participate in all the planned programs of activity.
Regarding his injuries, it appears that the cut across the right side of his face was attended by a camp physician and that 12 sutures were required to close the wound. There remains a healed laceration on the right side of his face 5% cms. in length by 2 mil. in width. There is a lateral extension of this scar over the parotid area 1% cms. in length. The scars are retracted and appear firmly attached to the underlying subcutaneous tissue and muscle. When the infant plaintiff smiles there occurs a deep retraction of the central portion of the scar causing a very evident dimpling of the scar. The medical opinion indicates that plastic surgery can correct the scar to some degree, however, leaving some residual scar or facial disfigurement after such surgery. The evidence also indicates that the reasonable expense for such plastic surgery to be made will be approximately $750 and hospitalization therefor $150.
No proof has been offered of any expenses incurred by his parents for the treatment or care of these injuries at the preseht time. The boy is a well-developed, pleasant looking, intelligent *788 boy now in his first year of high-school. As a reasonable award for these injuries sustained by him the court awards $15,000 to the infant plaintiff. As no proof has been offered of medical expenses incurred by his parent to the present time the sum of 6 cents will be awarded to him. To defray such expenses that may be incurred during the. boy’s minority, application may be made to seek an allowance therefor from the infant’s award.