NEIL SAUER, an Infant, by ANN SAUER, His Guardian ad Litem, et al., Respondents, *v.* HEBREW INSTITUTE OF LONG ISLAND, INC., Appellant.

First Department, November 27, 1962.

*Carl J. Silverstein* of counsel (*Turetzky & Cohen,* attorneys), for appellant.

*Joseph R. Apfel* for respondents.

BERGAN, J. The infant plaintiff, a camper at defendant's Summer camp, was injured while playing a game supervised by defendant's personnel. The infant was 13 years old and the game was a " water fight " between groups of campers of similar age, played on a grass-covered area in which opposing groups of boys doused each other with water from cups or water pistols.

In running away from an opponent, the infant plaintiff slipped on the grass and struck his head on a concrete walk at the side of

the grass area. After a trial before the court without a jury, an award of $15,000 has been made to infant plaintiff and nominal damages to his father.

In our view of the record, this result is not warranted. The defendant, as the operator of a camp for boys, could not reasonably be made responsible in damages for the consequences of every possible hazard of play activity. It was required, rather, to guard against dangers which ought to have been foreseen in the exercise of reasonable care (*Klein* v. *Hoffman*, 15 A D 2d 899; *Weinstein* v. *Tunis Lake Props.*, 15 Misc 2d 432, affd. *sub nom. Derwin* v. *Tunis Lake Props.*, 9 A D 2d 960, motion for leave to appeal denied 10 A D 2d 711).

It has not been demonstrated that the water fight game was more hazardous than any ordinary camp activity involving running. It was inevitable in the game that the grass would become wet; and, indeed, in any such game among 13-year-old boys, that there would be tumbles and falls whether it was wet or dry.

To impose liability in this situation is to interdict the game itself, which in turn would so sterilize camping activity for boys as to render it sedentary. It would take a keen sense of the prescient to envisage that in running in the game the infant plaintiff would slip at the very point in the area where there was a concrete walk. Nor is it, indeed, clearly demonstrated that, in view of the infant plaintiff's bare feet, the wetness of the grass played any effective part in his falling.

The Trial Judge felt that the game itself " ha[d] every aspect of innocent play "; that the supervision was adequate and there was no " defect in the grounds on which the contest took place." (33 Misc 2d 785, 786.) He felt, however, that the game should have been played on sand and not on grass. This retrospective view of how the camp should have managed the game, upon which there can be reasonable difference of opinion, is insufficient to impose a liability on defendant, either as an evaluation of the facts of the case, or as a matter of law.

The judgment for plaintiffs should be reversed on the law and the facts and judgment entered for defendant, without costs.

Rabin, J. P., Valente, Eager and Steuer, JJ., concur.

Judgment for plaintiff unanimously reversed, on the law and on the facts, without costs and the complaint dismissed, without costs. Settle order on notice.