■ ROBERT SMITH, Respondent, v HOOKER CHEMICAL & PLASTICS CORP., Respondent and Third-Party Plaintiff-Respondent. STEEL CONTRACTING CORPORATION, Third-Party Defendant-Appellant.—Judgment unanimously reversed, on the law, and new trial granted on the issue of damages only, unless

plaintiff shall, within 30 days of the service of the order herein, with notice of entry thereof, stipulate that the verdict be reduced to $1,100,000, in which event the judgment shall be modified accordingly, and that the third-party plaintiff have judgment over against third-party defendant for a like amount and, as modified, affirmed, without costs. Memorandum: Even though plaintiff was previously denied summary judgment by this court *(Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, *appeal dismissed* 58 NY2d 824), the trial court was not precluded from directing a verdict in plaintiff's favor after all of the evidence was presented *(see, Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Supp Pamph, CPLR C3212:21, p 195). That evidence established, as a matter of law, that defendant had violated Labor Law § 240 (1) and that the violation was a proximate cause of plaintiff's injuries *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Lickers v State of New York,* 118 AD2d 331; *Heath v Soloff Constr.,* 107 AD2d 507).

There is merit, however, to third-party defendant's claim that the jury verdict in the sum of $1,891,938.52 is excessive. Although the standard of review to be applied to issues of excessiveness or inadequacy of jury verdicts has recently been changed *(see,* amend to CPLR 5501 [c], L 1986, ch 682, § 10), this case is governed by the long-standing rule that a jury's verdict will only be disturbed when it shocks the judicial conscience *(see, Richards v South Buffalo Ry. Co.,* 54 AD2d 310, 313-314). Applying that standard, we conclude that the verdict must be reduced.

The accident occurred in 1972 and there is no doubt that plaintiff, now 57, suffered serious and painful injuries as a result. Since the accident, he has been unable to pursue his occupation as an ironworker and he has lost, and will continue to lose, substantial earnings. Although his injuries continue to cause him significant pain and have produced psychiatric consequences, they are not of a character and degree to support the amount of the verdict. Plaintiff's medical proof shows that he is suffering a mild, partial and permanent disability by reason of his physical and mental condition. He is not precluded from doing some work, however, and he has engaged in helping his son in the business of selling fudge at carnivals in Canada. The work entails long hours and requires loading and unloading of a truck as well as driving long distances. In all of the circumstances, we conclude that plain-

tiff would be fairly compensated if the damage award is reduced to $1,100,000.

We have reviewed the other issues raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Bayger, J.—Labor Law § 240 [1].) Present —Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.