■ CHERYL SNYDER et al., Individually and as Parents and Natural Guardians of YVONNE SNYDER, an Infant, Appellants, v MORRISTOWN CENTRAL SCHOOL DISTRICT No. 1, Respondent.—

Mercure, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered May 26, 1989 in St. Lawrence County, upon a decision of the court, without a jury, in favor of defendant.

Plaintiffs brought this action to recover for injuries suffered by their daughter, Yvonne Snyder, while playing a coeducational touch football game in gym class. Plaintiffs allege that defendant was negligent, *inter alia,* in conducting the activity outside during inclement weather and on a wet, muddy playing field, and in directing a game where the boys were quicker, stronger and of different weight than the girls. By stipulation of the parties, the action was tried before Supreme Court without a jury. At the conclusion of the trial, Supreme Court granted judgment in favor of defendant dismissing the complaint. Plaintiffs appeal.

We affirm. It is well settled that a school district has a duty to "exercise the same degree of care toward its students as would a reasonably prudent parent under comparable circumstances" *(Rodriguez v Board of Educ.,* 104 AD2d 978, 979), to adequately supervise athletic activities *(James v Gloversville Enlarged School Dist.,* 155 AD2d 811, 812) and to assign pupils to exercises which are within their abilities *(Brooks v Board of Educ.,* 12 NY2d 971, 973 [Scileppi, J., dissenting]). Here, Snyder testified, and Supreme Court properly found, that in the course of the game she lost her footing when she turned to tag an opposing ball carrier. As she fell, or immediately after her fall, one of her own teammates, also in pursuit of the opposing player, stepped on her left instep, causing the twisting injury to her knee which forms the basis for this action.

There is ample support in the record for Supreme Court's finding that the field was wet from a previous day's rain, and it may well be that this condition contributed to Snyder's slip. However, we find no basis for imposing liability upon defendant for directing an eighth grade gym class in a game of touch football on a wet or damp playing field *(see, Sauer v Hebrew Inst.,* 17 AD2d 245, *affd* 13 NY2d 913; *cf., Greaves v Bronx Y.M.C.A.,* 87 AD2d 394, *appeal dismissed* 58 NY2d 780), either as an evaluation of the facts of the case or as a matter of law. Were we to hold otherwise, school districts would be precluded from utilizing their playing fields during, and for a period of time following, each and every rain and, in fact, until each morning's dew evaporated *(see, Sauer v Hebrew Inst., supra,* at 246).

Giving due regard to Supreme Court's assessment of the evidence and the credibility of the witnesses in this nonjury

trial *(see, Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723), we conclude, as did Supreme Court, that defendant did not breach its duty of care by conducting the gym class outside on this occasion and in directing a coeducational game of touch football. It is worth noting that the regulations of the Commissioner of Education do not prohibit coeducational physical education classes and, in fact, permit male and female students to participate on the same interschool football team under certain circumstances *(see,* 8 NYCRR 135.4 [c] [7] [ii] *[c]).* Moreover, in view of the fact that Snyder did not fall as the result of contact with another player, we discern no causal relationship between Snyder's injuries and the participation of male players. Finally, there is no competent evidence in the record to support the contention that a failure to perform calisthenics or other warm-up exercises, or the gym teacher's action in moving Snyder's leg or in permitting her to walk to the school nurse's office, contributed to the injury.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.