■ GAIL B. KARR, Respondent, v BRANT LAKE CAMP, INC., Appellant. [691 NYS2d 427] —Order, Supreme Court, New York County (Paula Omansky, J.), entered August 7, 1998, denying defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 30, 1998, which denied defendant's

motion for a stay of trial pending appeal, unanimously dismissed, without costs, as academic.

The infant plaintiff was injured during a baseball game, organized for 11 year old boys, when an adult counselor, playing in the position of catcher, threw the ball "hard" at plaintiff. Plaintiff was unable to handle the ball, which struck him in the face. Summary judgment on the basis of an assumption of risk was properly denied.

Voluntary participants in a sporting activity assume the risks to which their roles expose them but not risks that are " 'unreasonably increased' " (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). Thus, notwithstanding a player's assumption of the risks inherent in playing any sport, school districts, athletic councils and other organizers of children's sporting activities remain under a duty to "exercise ordinary reasonable care" to protect the infant participants "from * * * unreasonably increased risks" (*supra*, at 658). In the case at bar, an issue of fact is raised as to whether the active participation of an adult, physically larger and more skillful, enhanced the risks associated with the sport as played by 11 year old boys (*see, Mauner v Feinstein*, 213 AD2d 383). Concur—Rosenberger, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.