■ DOROTHY RAMIREZ et al., Respondents, v CITY OF YONKERS, Appellant. [708 NYS2d 629] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered May 5, 1999, which granted the plaintiffs' motion to set aside a jury verdict on the issue of liability in favor of the defendant, and for a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

The law is settled that a verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). Here, the evidence presented sharp issues of fact regarding the location of the accident. The verdict was supported by a fair interpretation of the evidence and the Supreme Court erred in setting it aside (*see, Kupfer v Dalton,* 169 AD2d 819). Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.

■ KAREEM RICHARDS et al., Respondents, v JONES WONG, Defendant, and WELBILT CORPORATION, Appellant. [708 NYS2d 626] —In an action to recover damages for personal injuries, etc., the defendant Welbilt Corporation appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated June 21, 1999, as denied that branch of its motion which was for summary judgment dismissing the cause of action to recover damages based on common-law negligence insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Welbilt Corporation did not meet its initial burden of setting forth evidentiary facts sufficient to establish its entitlement to judgment as a matter of law dismissing the cause of action to recover damages based on common-law negligence insofar as asserted against it. Thus, the Supreme Court properly denied that branch of its motion (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; CPLR 3212 [b]). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.