■ NATASHA J. ZMITROWITZ, an Infant, by CHERYL J. ZMITROWITZ et al., Individually and as Parents, Respondents, v ROMAN CATHOLIC DIOCESE OF SYRACUSE et al., Appellants. [710 NYS2d 453] —Graffeo, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered November 10, 1998 in Broome County, upon a verdict rendered in favor of plaintiff.

The issue presented on appeal is whether defendants, two coaches and various school officials, were entitled to a directed verdict at trial absolving them of liability for injuries sustained by plaintiff Natasha J. Zmitrowitz (hereinafter plaintiff), a 14-year-old who was struck in the face by a softball during a school varsity and junior varsity pitching session. On the basis that Supreme Court properly denied the motion for a directed verdict due to an evidentiary question of fact as to whether the doctrine of primary assumption of risk precluded recovery by plaintiffs, we affirm the judgment.

The circumstances surrounding plaintiff's injury were largely undisputed at trial. At the time of her injury, plaintiff, a ninth grader, was acting as catcher during fast-pitch softball tryouts held in the school gym. Although she was using a mitt, plaintiff

was not wearing a catcher's face mask or any other safety equipment designed for use by catchers. Within the one-half hour preceding the accident, one of the defendant coaches stood behind plaintiff in the "umpire" position for a period of 5 to 10 minutes and used a radar gun to measure the speed of the pitches being hurled at plaintiff. Despite some of the pitches being clocked at speeds of over 50 miles per hour, plaintiff was not instructed to don a catcher's mask or any other safety equipment. Indeed, testimony revealed that this equipment was locked in a storage area in the boys' locker room adjacent to the gym where the tryouts were being held and, although defendant coaches had a key to this area and had removed other equipment from storage for use during the session, none of the face masks or other safety equipment was made available to plaintiff. She was injured when, after signaling the pitcher to throw a straight fast ball, the pitcher instead threw a curve ball which tipped off the edge of plaintiff's mitt and struck her in the nose. Plaintiff suffered a concussion and a broken nose which required surgery.

In addition to the testimony of plaintiff and the defendant coaches, both of whom were called as witnesses in plaintiffs' direct case, plaintiffs presented an expert witness who opined that consistent with the published Amateur Softball Association (hereinafter ASA) rules that require a player who is engaged in pitcher warm-ups prior to a game to wear a catcher's mask and helmet, it is standard and customary practice in most schools in New York to require a catcher to wear such protective equipment during warm-ups and practice sessions when no batter is present. He claimed this precaution protects the catcher from a variety of risks incident to the unique position of playing in a crouched stance at eye-level to the strike zone. Those risks are not limited to being hit by a bat or a foul ball when a batter is at the plate, but also include being hit in the head with a pitched ball. The expert expressed the view that the need to use a mask and helmet is even greater when the activity is undertaken indoors, as occurred in this case, because lighting conditions tend to be poorer and there is an increased danger that a pitched ball will ricochet off the hard floor surface and injure the catcher.

Defendant coaches and defendant's expert witness, an umpire, acknowledged that, as a member of the Southern Tier Athletic Conference, defendants were bound by ASA rules, but claimed that the rule which addressed warm-ups in game situations is irrelevant to safety requirements for practice or tryout sessions, for which there are no published rules. While

defendants opined that such protective equipment was unnecessary when no batter is present and asserted that they could not understand the impetus for the ASA rule requiring use of the equipment during pitcher warm-ups, defendants did not offer any testimony directly rebutting plaintiffs' evidence that it is standard and customary practice among coaches in New York schools to require student catchers to wear a mask and helmet during practice and tryout sessions.

It is well settled that "a board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). Thus, the doctrine of primary assumption of risk will not act as a complete bar to recovery where the injury is attributable to the existence of an enhanced risk not ordinarily incident to participation in the athletic activity. Like any other participant in a sport or recreational activity, a student athlete "will not be deemed to have assumed * * * unreasonably increased risks" (*Morgan v State of New York*, 90 NY2d 471, 485 [citations omitted]; *see, Karr v Brant Lake Camp*, 261 AD2d 342).

Here, plaintiffs offered evidence that defendants' failure to provide and require a ninth grader to wear a catcher's mask during a tryout session, which was inconsistent with standard athletic custom in schools throughout the State, constituted a breach of sound coaching practice which enhanced the risk of injury normally associated with the activity (*see, e.g., Baker v Briarcliff School Dist.*, 205 AD2d 652; *Parisi v Harpursville Cent. School Dist.*, 160 AD2d 1079, 1080-1081). We therefore find that defendants were not entitled to a directed verdict because ample evidence was offered from which the jury could conclude that the risk of injury incident to plaintiff's participation in fast-pitch softball tryouts was unreasonably increased and, as a result, defendants owed a duty to protect plaintiff from injury (*see, Karr v Brant Lake Camp, supra*). We note that, although a verdict was issued in plaintiffs' favor, the jury did not find defendants totally liable for plaintiff's injuries but apportioned fault between the parties, attributing 60% to defendants and 40% to plaintiff.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.