MARGARET A. PALOZZI et al., Individually and as Parents and Natural Guardians of MATTHEW J. PALOZZI, an Infant, Appellants, v CYNTHIA PRIEST et al., Respondents. [720 NYS2d 676] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint. Mat-

thew J. Palozzi, plaintiffs' 13-year-old son, was injured when he and defendants' son were "fake wrestling" on a trampoline at defendants' residence. The boys fell onto the surface of the trampoline, and Matthew's left arm and hand were pinned behind the back of defendant's son. Matthew had wrestled on the trampoline at least 15 times before this occurrence. Plaintiffs commenced this action alleging that defendants were negligent in supervising the boys' use of the trampoline.

The court properly determined that Matthew had voluntarily assumed the risk of injury inherent in the sport of wrestling. "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439). We conclude that the injury was the result of the wrestling activity itself. Contrary to plaintiffs' contention, the injury did not result from defendants' alleged negligent supervision of the use of the trampoline; the fact that the injury occurred on the trampoline is merely incidental. The alleged lack of supervision did not create a "dangerous condition over and above the usual dangers that are inherent in the sport of [wrestling]" (*Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970). Thus, because the risks of the activity were "fully comprehended or perfectly obvious" and Matthew consented to them, defendants performed their duty "to exercise care to make the conditions as safe as they appear to be" (*Turcotte v Fell, supra,* at 439; *see, Morgan v State of New York,* 90 NY2d 471, 484). Contrary to the further contention of plaintiffs, their son's age is not a bar to the application of primary assumption of risk (*see, e.g., Braun v Davos Resort,* 241 AD2d 533). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.