■ JONATHAN FINTZI, an Infant, by His Father and Natural Guardian, ARIEL FINTZI, et al., Respondents, v NEW JERSEY YMHA-YWHA CAMPS, Doing Business as CAMP NAH-JEE-WAH, Appellant. [726 NYS2d 622] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about March 28, 2000, which denied defendant's motion for summary judgment dismissing plaintiffs' complaint, affirmed, without costs.

In this personal injury action, the infant plaintiff, then 10 years old, broke his left arm after slipping and falling while running a relay race at the camp operated by defendant on July 3, 1997. Plaintiff was running the course for the second time when he slipped on wet grass at the same spot where he had slipped and fallen on his left arm during his first lap a few minutes earlier. The course was in the shape of a parallelogram marked by four cones placed on a grass field. The area was wet and slightly sloped. The wetness was apparently due to humidity and fog.

The IAS court properly denied summary judgment to defendant. We agree that there exist triable issues of fact which preclude summary judgment, namely whether defendant's employees knowingly exposed the children to increased risks by using a field that was sloped and wet due to humidity and fog (*see, Greaves v Bronx Y.M.C.A.*, 87 AD2d 394, *appeal dismissed* 58 NY2d 780). Further, a question of fact exists as to whether the 10-year-old plaintiff had the capacity to appreciate the nature of the risk involved or to decline to participate in the face of pressure from others present (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650). Concur—Lerner, Saxe and Buckley, JJ.

Williams, J. P., and Andrias, J., dissent in a memorandum

by Andrias, J., as follows: I respectfully dissent. Defendant New Jersey YMHA-YWHA Camps is entitled to summary judgment dismissing the complaint brought by plaintiffs Jonathan Fintzi, an infant, and his father Ariel Fintzi, because there is no evidence of any conduct on the part of defendant or its agents that either created or increased an existing risk.

On the morning of July 3, 1997, 10-year-old Jonathan broke his left arm after slipping and falling while running a relay race at the sleep-away camp he was attending, which was operated by defendant in Milford, Pennsylvania. The relay race was part of a "Battle of the Sexes" competition between boys and girls at the camp. Jonathan described the course as a parallelogram marked by four cones placed on a grass field. In a deposition, Jonathan stated he was running the course for the second time and slipped on wet grass at the same spot where he had slipped and fallen on his left arm during his first lap that morning, apparently only a few minutes earlier. Jonathan's falls occurred while he was making a turn that was "sharper than the rest" in an area that was "very wet" and "slightly sloped." There is no showing that the wetness was due to anything other than humidity and fog.

This negligence action is based on the claim that the defendant camp failed to properly supervise its activities and employees. In seeking summary judgment, the camp argues both that Jonathan assumed the risk of running in the race, particularly since he was aware of the slippery conditions from having already fallen once in the same place, and that there is no evidence that the camp's staff acted negligently.

I agree with the majority that defendant is not entitled to dismissal as a matter of law solely on the theory of assumption of the risk. However, perceiving no evidence to support such a finding, I disagree with its conclusion that an issue of fact is presented as to whether defendant's staff acted in a manner to unreasonably expose Jonathan to *increased* risk.

Having children play on wet grass, in and of itself, does not constitute negligent supervision (*see, Snyder v Morristown Cent. School Dist. No. 1.*, 167 AD2d 678; *Sauer v Hebrew Inst.*, 17 AD2d 245, affd 13 NY2d 913). As this Court first explained in *Sauer* (*supra*), where a 13-year-old plaintiff was injured in a camp water fight game played on grass that became slippery, such an activity is no more hazardous than any other ordinary camp activity involving running, and "[t]o impose liability in this situation is to interdict the game itself, which in turn would so sterilize camping activity for boys as to render it sedentary" (17 AD2d 245, 246, *supra*). In fact, the Court went

on to reject the trial court's observation that "the game should have been played on sand and not on grass" (*id.*).

The policy pronounced in *Sauer* was echoed in *Snyder v Morristown Cent. School Dist.* (*supra*), where the Court found "no basis for imposing liability upon defendant for directing an eighth grade gym class in a game of touch football on a wet or damp playing field," further explaining that otherwise, "school districts would be precluded from utilizing their playing fields during, and for a period of time following, each and every rain and, in fact, until each morning's dew evaporated" (167 AD2d at 679, citing *Sauer, supra*).

Before an entity charged with the care of children may be found negligent for the conditions under which the game is played, the law requires a finding that it has breached its "duty to 'exercise ordinary reasonable care' to protect the infant participants 'from * * * unreasonably *increased* risks' " (*see, Karr v Brant Lake Camp*, 261 AD2d 342, 343 [emphasis added; citation omitted]). In *Karr*, this Court held that the defendant camp had unreasonably *increased* risks where adult camp counselors were playing baseball with 11-year-old boys, and a ball thrown hard by an adult injured a camper. It was the addition of larger, stronger adults into a game that would otherwise be limited to children that created the increased risk (*id.*). Similarly, in *Greaves v Bronx Y.M.C.A.* (87 AD2d 394, 394-395, 396), where a 9-year-old camper fell and was hurt while playing a game set up by counselors that involved running on grass that was wet because it was near a swimming pool, this Court found an issue of fact as to whether the choice of a playing area increased the foreseeable risk of unjustifiable danger. This Court stated that the issue was whether a wet, sloping, grassy area adjacent to the pool was a proper place for such a game, and pointed out that a nearby athletic field would have been an appropriate site (*see, id.* at 397).

Here, a grass field that was part of a baseball and soccer field was chosen for the relay race, and the wet conditions that existed were naturally caused on a day when it had not rained. Unlike *Karr*, there is no issue of the counselors increasing any danger in the race through their participation. Under the controlling rule of *Sauer v Hebrew Inst.* (*supra*), in the absence of evidence that the camp's employees acted in some way to expose the runners to increased risks beyond the naturally occurring conditions of humidity and fog, the camp may not be held responsible. To do so would, as noted above, "so sterilize camping activity * * * as to render it sedentary" (*Sauer, supra*, at 246), precluding all but the most innocuous activities whenever conditions were less than ideal.