■ Reva Payne, Appellant, et al., Plaintiff, v Heriberto Rodriguez et al., Respondents. (And a Third-Party Action.) [737 NYS2d 370] —In an action to recover damages for personal injuries, the plaintiff Reva Payne appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), entered August 18, 2000, which, upon a jury verdict in favor of the defendants and the denial of her motion pursuant to CPLR 4404 to set aside the verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (see, Schiskie v Fernan, 277 AD2d 441; Nicastro v Park, 113 AD2d 129). Contrary to the appellant's contention, the Supreme Court properly denied her motion to set aside the verdict, since it could have been reached on a fair interpretation of the evidence. At the

time of the subject accident the appellant was a passenger in a car driven by her husband. The accident occurred at an intersection, and it was undisputed that there was a stop sign at the intersection. According to the defendants' expert witness, the appellant's husband would have seen the defendants' vehicle while his car was standing at the stop sign if he had looked. Furthermore, the defendants' expert testified that, based on his calculations, which he explained to the jury in detail, the fact that the defendant driver was driving slightly above the speed limit was not the proximate cause of the collision. Based on this evidence, which the jury could have found more credible than the testimony of the appellant's expert, it was reasonable for the jury to conclude that the defendant driver's admitted negligence did not proximately cause the plaintiff's injuries.

The appellant's remaining contentions are without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.