OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment granted. The certified question should be answered in the negative.
 

 Plaintiff Jonathan Fintzi, age 10, participated in a relay race at a summer camp operated by defendant New Jersey YMHA-YWHA. The race occurred on a grass field marked off by four cones, and the field was wet due to morning humidity and fog. While running the course, Jonathan slipped and fell twice on the wet ground. On the second fall, he broke his arm. Supreme Court denied defendant’s motion for summary judgment. The Appellate Division affirmed, with two Justices dissenting.
 

 We agree with the dissenters below that merely allowing children to play on wet grass does not constitute negligent supervision
 
 (see, Sauer v Hebrew Inst.,
 
 17 AD2d 245,
 
 affd without opn
 
 13 NY2d 913). Organizers of sporting or recreational events owe a duty to exercise only reasonable care to protect participants “from injuries arising out of unassumed, concealed, or unreasonably increased risks”
 
 (Benitez v New York City Bd. of Educ.,
 
 73 NY2d 650, 654). Here, there is no evidence that the camp counselors increased the risk associated with the naturally and obviously damp field. To hold defendant liable in this situation would, as the dissenters observed, “so sterilize camping * * * as to render it sedentary”
 
 (Sauer, supra,
 
 17 AD2d, at 246). Accordingly, on the record before us, we conclude as a matter of law that plaintiffs injury was not the consequence of a failed duty of care on the part of defendant.
 

 
 *671
 
 Chief Judge Kaye and Judges Smith, Levine, Ceparick, Wesley, Rosenblatt and Graffeo concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, defendant’s motion for summary judgment dismissing the complaint granted and certified question answered in the negative, in a memorandum.