■ Jacob D. Feldman, an Infant, by His Father and Natural Guardian, Peter A. Feldman, et al., Respondents, v South Huntington Union Free School District, Appellant. [736 NYS2d 607] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated March 9, 2001, which granted the plaintiffs' motion pursuant to CPLR 4404 to set aside a jury verdict in its favor as against the weight of the evidence, and for a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

"The law is settled that a verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Ramirez v City of Yonkers,* 272 AD2d 598; *see also, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d

129). Here, the plaintiffs did not meet this standard. The teachers, who were supervising the infant plaintiff and approximately 19 other seven-year-old children while they played at a playground, testified that they told the children every day to stay away from the bushes. The infant plaintiff failed to heed those warnings and was injured by a piece of glass when he hid behind a bush during a game of hide and seek. While the infant plaintiff denied ever being told to stay away from the bushes, this merely created a factual dispute for the jury to resolve. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.