■ TRICIA VECCHIONE et al., Respondents, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant. [752 NYS2d 82] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated February 27, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

When the infant plaintiff Tricia Vecchione was a tenth-grade varsity tennis player at her school, she was injured after she slipped and fell while performing a jumping drill during a team practice. The infant plaintiff and her mother commenced this action against the defendant school district, claiming that the injuries to the infant plaintiff were proximately caused by the negligence of the defendant's personnel, inter alia, in directing the members of the varsity tennis team to practice their drills on a wet tennis court.

The defendant moved for summary judgment on the basis that the infant plaintiff assumed the risk of her injuries when she voluntarily participated in the practice knowing that the tennis court was wet and slippery. The Supreme Court denied the motion, finding a triable issue of fact as to whether the surface of the tennis court was actually wet. We reverse and grant the motion.

The standard of care applicable to organizers of sporting or recreational events is to "exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed, or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658). So long as the defendant afforded the infant plaintiff a tennis court that was "as safe as [it] appear[ed] to be," it fulfilled its duty of care and should not be held liable (*Turcotte v Fell,* 68 NY2d 432, 439).

While there was inconsistent testimony by the witnesses regarding whether the tennis court was wet, a determination of that issue is not material to the resolution of this matter. Indeed, assuming the tennis court was wet, it did not present an unassumed or unreasonably increased risk to the infant plaintiff (see *Fintzi v New Jersey YMHA-YWHA Camps,* 97 NY2d 669). Furthermore, the infant plaintiff's voluntary participation in her team's practice on a wet tennis court does not implicate the doctrine of inherent compulsion (see *Benitez v New York City Bd. of Educ., supra* at 658; *Maddox v City of New York,* 66 NY2d 270, 279). Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.