■ JASON COLUCCI, Appellant, v GATEWAY CATHEDRAL, Respondent. [791 NYS2d 453]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jones, J.), dated March 1, 2004, which, upon a jury verdict in favor of the defendant on the issue of liability, and upon an order of the same court dated March 12, 2003, denying the plaintiff's motion for judgment as a matter of law or to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A motion for judgment as a matter of law may only be granted where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see Nicastro v Park,* 113 AD2d 129 [1985]). Moreover, a verdict

should not be set aside as against the weight of the evidence unless it could not have been reached upon any fair interpretation of the evidence (*see Feldman v South Huntington Union Free School Dist.*, 290 AD2d 529 [2002]; *Payne v Rodriguez*, 288 AD2d 280 [2001]). In this case, the jury rationally could have concluded that the plaintiff failed to sustain his burden of proof either because of problems regarding his credibility or because the defendant properly discharged its duty of care under all of the attendant circumstances. Moreover, there was a fair interpretation of the evidence to support the jury's conclusion. Accordingly, the verdict should not be disturbed.

The plaintiff's contention with regard to an allegedly erroneous jury instruction is unpersuasive (*see Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669 [2001]; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d 471 [2002]; *Karr v Brant Lake Camp*, 261 AD2d 342 [1999]). Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.