■ ALEXANDRA ROSS et al., Respondents, v NEW YORK QUARTERLY MEETING OF THE RELIGIOUS SOCIETY OF FRIENDS, Appellant. [819 NYS2d 749]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 10, 2005, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Student athletes assume the "commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]) where such risks are "fully comprehended or perfectly obvious" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]). However, an educational institution, "its employees, agents and organized athletic councils must exercise

ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or *unreasonably increased* risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989] [emphasis added]). Under these principles, defendant's summary judgment was correctly denied.

At the time of her injury, the infant plaintiff was a seventh grade student at the defendant school, and a member of the girls' softball team. She twisted and fractured her right lower leg while performing an exercise to practice sliding. The drill was conducted in the school gymnasium, under the supervision of the softball team's coach and her assistant, both of whom were defendant's employees. The students took turns running across the hardwood floor toward an area where the floor was covered by parachute material, where they were directed to slide on the material. While the infant plaintiff testified that the coach and her assistant did not smooth out and reset the material after each student's slide, the coach and her assistant testified that they did.

In opposing the summary judgment motion, plaintiffs raised a triable issue as to whether the inherent and obvious risks of the subject activity were unreasonably increased by the supervising coach (*see Zmitrowitz v Roman Catholic Diocese of Syracuse*, 274 AD2d 613, 615 [2000]; *Karr v Brant Lake Camp*, 261 AD2d 342, 343 [1999]; *cf. Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669, 670 [2001]). To begin, plaintiffs' expert opined that the coach unreasonably increased the risks of the exercise by directing the students to slide while wearing sneakers, which, according to the expert, would create traction on the gymnasium floor from which injury could result. In addition, the expert opined that, if (as the infant plaintiff testified) the parachute material were not smoothed out and reset before each successive slide, such an omission was a breach of sound coaching practice that could have been the cause of the accident. In this regard, it is significant that the infant plaintiff testified that the accident occurred when her leg "got caught" in material that was "bunched up" from the previous slide. Finally, the expert opined that the coach should not have directed the infant plaintiff to begin sliding before she reached the parachute material. Given that the uncovered hardwood floor would have generated greater friction than the material, beginning to slide while still on the uncovered floor (if this is what the infant plaintiff did) could have been a cause of the accident.

It should be noted, however, that plaintiffs' expert's remaining theory of defendant's negligence does not raise any triable

issue. The failure to use a "spotter" for this activity, or to train in "progressive steps," did not increase the inherent and obvious risks of the exercise, which, to reiterate, the infant plaintiff assumed through her voluntary participation (*see Morgan v State of New York, supra*; *Turcotte v Fell, supra*). If plaintiffs were permitted to go to trial on this theory, predicated solely on defendant's alleged failure to realize a conceivably attainable additional increment of safety, little would remain of the well-established doctrine of primary assumption of risk. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.