ANTHONY F. MUSANTE, JR., et al., Respondents-Appellants, v OCEANSIDE UNION FREE SCHOOL DISTRICT, Appellant-Respondent. [881 NYS2d 446]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 28, 2008, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The injured plaintiff, an experienced high school wrestler, allegedly was injured during wrestling practice when he stepped

on the edge of a wrestling mat while participating in an activity he referred to as "wind sprints" and was caused to collide with a nearby wall. The plaintiffs alleged that the defendant was negligent in directing the injured plaintiff to use the wall as a finishing point for the drill. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment on the issue of liability.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Even where the risk of the activity is assumed, "a board of education, its employees, agents and organized athletic councils must exercise ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk by demonstrating that the risk of colliding with the wall was inherent in the activity, and the condition of the wall was open and obvious (*see Ribaudo v La Salle Inst.*, 45 AD3d 556, 557 [2007]; *Marucheau v Suffolk County Community Coll.*, 23 AD3d 445 [2005]; *Kazlow v City of New York*, 253 AD2d 411 [1998]), as was any height differential between the floor and the wrestling mat (*see Sammut v City of New York*, 37 AD3d 811, 812 [2007]; *Morlock v Town of N. Hempstead*, 12 AD3d 652, 653 [2004]; *Galski v State of New York*, 289 AD2d 195, 195-196 [2001]; *Peters v City of New York*, 269 AD2d 581, 581-582 [2000]). Furthermore, the injured plaintiff's voluntary participation in the activity does not implicate the doctrine of inherent compulsion (*see Benitez v New York City Bd. of Educ.*, 73 NY2d at 658; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d 471, 472 [2002]).

The affidavit of the plaintiffs' expert, who opined that the defendant was negligent for failing to conduct the drill in a more appropriate, larger, and safer venue, was insufficient to raise a triable issue of fact, as such failures "did not increase the inherent and obvious risks of the exercise" (*Ross v New York Quarterly Mtg. of Religious Socy. of Friends*, 32 AD3d 251, 252-253 [2006]; *see DiGiose v Bellmore-Merrick Cent. High School Dist.*, 50 AD3d 623 [2008]; *cf. Cody v Massapequa Union Free School Dist. No. 23*, 227 AD2d 368 [1996]). Furthermore, the

expert failed to identify any specific industry standard upon which he relied in concluding that the defendant negligently conducted the exercise (*see Lombardo v Cedar Brook Golf & Tennis Club, Inc.*, 39 AD3d 818, 819 [2007]; *Barbato v Hollow Hills Country Club*, 14 AD3d 522, 523 [2005]; *Kazlow v City of New York*, 253 AD2d at 411; *cf. Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted and, concomitantly, the plaintiffs' motion for summary judgment on the issue of liability was properly denied. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.