■ SHAWN BUKOWSKI, Appellant, v CLARKSON UNIVERSITY et al., Respondents. [928 NYS2d 369]—

Rose, J.

Plaintiff commenced this action to recover damages for injuries he sustained while participating in baseball practice as

---

a freshman pitcher for defendant Clarkson University's Division III intercollegiate baseball team. Plaintiff was pitching from an artificial mound at regulation distance to a batter in an indoor training facility when the batter hit a line drive that struck plaintiff in the face. After joinder of issue and discovery, Supreme Court (Teresi, J.) denied defendants' motion for summary judgment dismissing the complaint.

During his jury trial testimony, plaintiff acknowledged that he was an experienced baseball player who was aware of the risk of being struck by a batted ball while pitching. Plaintiff testified that he had been playing baseball and pitching in various leagues for many years and that balls had been batted directly back at him 50 to 100 times throughout the course of his experience as a pitcher. In addition, plaintiff testified that he had extensive experience playing on fields of all different types, under a variety of conditions, which included different backdrops, pitching mounds and lighting. Plaintiff further acknowledged that he was familiar with the indoor training facility where the team practices were held and had regularly attended the practices in the facility a month before the incident. Plaintiff confirmed that he had been informed by his coaches that they intended to hold "live" practice without the use of a protective screen, known as an L-screen, in the indoor facility at least two weeks prior to the accident. He also testified that, both on the day before his accident and just prior to his turn on the pitching mound, he had observed other pitchers practicing "live" in the netted-off "batting cage" area without the use of an L-screen. After the close of proof, Supreme Court (Devine, J.) granted defendants' motion to dismiss on the ground that plaintiff had assumed the obvious risk of being hit by a line drive.

Plaintiff appeals,* arguing, among other things, that factual issues exist as to whether the risk of being hit by a ball was unreasonably enhanced by the backdrop and lighting of the indoor facility and the failure to use an L-screen. We cannot agree. Given the undisputed evidence of plaintiff's experience and his awareness of the risk of being hit by a ball, Supreme Court properly concluded that he assumed that risk.

Organizers of sporting activities owe a duty to exercise reasonable care to protect participants "from injuries arising out of unassumed, concealed, or unreasonably increased risks" (*Benitez*

---

* Although plaintiff appeals from Supreme Court's order, we treat the appeal as validly taken from the judgment (*see* CPLR 5520 [c]; *Boylan v Dodge*, 42 AD3d 632, 633 n [2007]; *Matter of General Motors Corp. [Sheikh]*, 41 AD3d 993, 994 [2007]).

*v New York City Bd. of Educ.*, 73 NY2d 650, 654 [1989]). Voluntary participants in sporting activities are deemed to have assumed commonly appreciated risks inherent in the activity such that any legally enforceable duty to reduce the risks of the activity is limited " 'to mak[ing] the conditions as safe as they appear to be' " (*Morgan v State of New York*, 90 NY2d 471, 484 [1997], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). This primary assumption of the risk doctrine "extends to 'risks engendered by less than optimal conditions, provided that those conditions are open and obvious and that the consequently arising risks are readily appreciable' " (*Martin v State of New York*, 64 AD3d 62, 64 [2009], *lv denied* 13 NY3d 706 [2009], quoting *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 248 [2008], *affd* 10 NY3d 889 [2008]). Here, as plaintiff fully appreciated the risk of being hit by a line drive and he was able to readily observe the open and obvious conditions of the facility in which he was pitching, defendants fulfilled their duty by making the conditions as safe as they appeared to be (*see Lincoln v Canastota Cent. School Dist.*, 53 AD3d 851, 852 [2008]; *Harris v Cherry Val.-Springfield School Dist.*, 305 AD2d 964, 965 [2003]; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d 471, 471 [2002]).

Whether plaintiff was pitching in an indoor or an outdoor facility, the risk of being hit by a ball is inherent in the sport of baseball and the conditions in which he was pitching were readily observable (*see Lomonico v Massapequa Pub. Schools*, 84 AD3d 1033, 1034 [2011]; *Rodriguez v City of New York*, 82 AD3d 563, 564 [2011]). Plaintiff's expert evidence, relied upon by the dissent, is that an L-screen or a darker backdrop could have lessened the risk, making the indoor conditions safer. Such evidence is, however, irrelevant given the fully comprehended and perfectly obvious nature of the inherent risk (*see Martin v State of New York*, 64 AD3d at 64; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807 [2009], *lv denied* 13 NY3d 704 [2009]; *Tilson v Russo*, 30 AD3d 856, 858-859 [2006]).

Although plaintiff has cited cases in which a breach of binding rules or governing standards requiring certain safety measures was held to have raised an issue of whether the risk of injury normally associated with the sport was unduly enhanced (*see Zmitrowitz v Roman Catholic Diocese of Syracuse*, 274 AD2d 613, 614 [2000]; *Baker v Briarcliff School Dist.*, 205 AD2d 652, 653-654 [1994]; *Parisi v Harpursville Cent. School Dist.*, 160 AD2d 1079, 1080 [1990]), he presented no evidence that any such rule or standard required the use of a protective screen or a different backdrop here (*see Martin v*

*State of New York*, 64 AD3d at 66; *Musante v Oceanside Union Free School Dist.*, 63 AD3d at 808; *Honohan v Turrone*, 297 AD2d 705, 706 [2002]). The conclusion that plaintiff was plainly aware of the conditions and consented to the risk that they presented also precludes his claim for negligent supervision (*see Morgan v State of New York*, 90 NY2d at 487; *Duffy v Suffolk County High School Hockey League*, 289 AD2d 368, 369 [2001]; *Regan v State of New York*, 237 AD2d 851, 853 [1997], *lv denied* 91 NY2d 802 [1997]). The alleged lack of supervision did not increase the risks over and above the usual dangers inherent in the sport itself (*see Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669, 670 [2001]; *Palozzi v Priest*, 280 AD2d 986, 987 [2001]).

Nor are we persuaded by plaintiff's reliance on the theory of inherent compulsion, which provides that assumption of the risk is not a shield from liability when the element of voluntariness is overcome by the compulsion of a superior (*compare Benitez v New York City Bd. of Educ.*, 73 NY2d at 658, *with Smith v J.H. West Elementary School*, 52 AD3d 684, 685 [2008]). Plaintiff testified that he did not ask to use an L-screen because, a few weeks prior, he had inquired as to whether they were used and was told that they were no longer used during "live" practice. Wanting to "do it the Clarkson way," he argues that he had no option but to participate without a protective screen. Accepting plaintiff's testimony as true and viewing it in a light most favorable to him, it underscores the fact that he was aware that he was pitching without an L-screen and yet it lends no support to his assertion that his participation in the practice was compelled or involuntary (*see Musante v Oceanside Union Free School Dist.*, 63 AD3d at 807; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d at 472; *La Mountain v South Colonie Cent. School Dist.*, 170 AD2d 914, 915 [1991]).

Finally, contrary to plaintiff's contention, the denial of defendants' motion for summary judgment did not serve as law of the case precluding the subsequent motion to dismiss after all of the evidence was presented (*see S.L. Benfica Transp., Inc. v Rainbow Media, Inc.*, 13 AD3d 348, 349 [2004]; *Wyoming County Bank v Ackerman*, 286 AD2d 884 [2001]; *Smith v Hooker Chem. & Plastics Corp.*, 125 AD2d 944 [1986]; *Sackman-Gilliland Corp. v Senator Holding Corp.*, 43 AD2d 948, 949 [1974]; *see also Cunningham v Vincent*, 234 AD2d 648, 649 n [1996]). Thus, Supreme Court (Devine, J.) properly found that "there [was] no rational process by which the fact trier could base a finding in favor of [plaintiff]" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see* CPLR 4401).

Spain and Egan Jr., JJ., concur.

Peters, J.P. (dissenting). Because we do not agree that there was "no rational process by which the [jury] could base a finding in favor of [plaintiff]" (*Miller v Moore*, 68 AD3d 1325, 1327 [2009] [internal quotation marks and citation omitted]; *see Abselet v Satra Realty, LLC*, 85 AD3d 1406, 1408 [2011]), we respectfully dissent.

Although athletes participating in interscholastic sports are deemed to have assumed the commonly appreciated risks that are inherent in and arise out of the nature of the sport generally, the athlete's "assumption of those risks is not an absolute defense but a measure of [the] defendant's duty of care" (*Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d 1323, 1325 [2010], quoting *Kane v North Colonie Cent. School Dist.*, 273 AD2d 526, 527 [2000]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]). Educational institutions are required to exercise "ordinary reasonable care to protect student athletes voluntarily involved in extracurricular sports from unassumed, concealed or *unreasonably increased* risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 658 [emphasis added]; *see Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d at 1325). To that end, "[a]wareness of the risk assumed is 'to be assessed against the background of the skill and experience of the particular plaintiff' " (*Benitez v New York City Bd. of Educ.*, 73 NY2d at 657, quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *see Simmons v Saugerties Cent. School Dist.*, 82 AD3d 1407, 1408 [2011]; *Lapa v Camps Mogen Avraham, Heller, Sternberg*, 280 AD2d 858, 859 [2001]).

Here, the record demonstrates that plaintiff was a freshman pitcher throwing live batting practice for the first time at defendant Clarkson University's indoor facility. Plaintiff testified that, although he had pitched at indoor facilities previously, he had always used an L-screen for protection. With regard to the conditions present, plaintiff submitted evidence, including expert testimony, that the lighting, along with the coloring of the backdrop, flooring and netting, made it difficult for a pitcher to see balls coming off the hitter's bat, which the expert described as "pretty dangerous." Similarly, plaintiff's expert testified that the practice of not placing an L-screen in front of the pitcher in such conditions is unsafe.

In sum, affording plaintiff every favorable inference (*see Miller v Moore*, 68 AD3d at 1327), we believe that plaintiff offered ample evidence from which a jury could conclude that the risk of injury incident to his participation in the indoor practice was unreasonably increased over the inherent risks of the sport

and, commensurate with that finding, that defendants owed a duty to protect him from those risks (*see Simmons v Saugerties Cent. School Dist.*, 82 AD3d at 1408-1409; *Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d at 1326; *Ross v New York Quarterly Mtg. of Religious Socy. of Friends*, 32 AD3d 251, 251-252 [2006]; *Zmitrowitz v Roman Catholic Diocese of Syracuse*, 274 AD2d 613, 615 [2000]; *Alexander v Kendall Cent. School Dist.*, 221 AD2d 898, 899 [1995]). As such, we find that Supreme Court erred in entering a directed verdict in favor of defendants and would reverse and remit for a new trial.

Stein, J., concurs. Ordered that the order is affirmed, with costs.