**TAMMY ZORNBERG, Appellant, v CBH PROPERTIES, INC., Doing Business as WOODMERE BOWLING LANES, Respondent.** [967 NYS2d 742]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered July 13, 2011, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (2) from a judgment of the same court entered August 5, 2011, which, upon the order, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff was supervising her children, who were bowling at the defendant's bowling alley, when her hand became caught in a ball-return machine. The plaintiff subsequently commenced this action alleging, inter alia, that the defendant maintained the ball-return machine in a defective condition.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant established, prima facie, that it did not maintain the ball-return machine in a defective condition. In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff submitted an affidavit of an expert in sports-accident reconstruction, who concluded that the ball-return machine was defective, the expert failed to identify any specific industry standard, applicable to the subject ball-return machine, upon which he relied (see *Brown v City of New York*, 69 AD3d 893, 894 [2010]; *Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807-808 [2009]). Moreover, the expert's opinion that the warnings provided by the defendant regarding the ball-return machine were inadequate failed to raise a triable issue of fact because the plaintiff testified at her deposition that she was already aware, at the time of the accident, that a person was not supposed to put his or her hand into the ball-return machine.

The plaintiff's remaining contention is not properly before this Court. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.