■ ANNA CIANFROCCO et al., Respondents, v ST. LUKE'S MEMORIAL HOSPITAL CENTER et al., Appellants. [695 NYS2d 789] —Order unanimously modified on the law and as modified af-

firmed without costs in accordance with the following Memorandum: In this medical malpractice action, Supreme Court erred in granting that part of plaintiffs' cross motion seeking partial summary judgment against James F. Cesare, M.D. (defendant) on the issue of liability. The complaint alleges that defendants are responsible for failing to remove a surgical sponge from the abdominal cavity of plaintiff Anna Cianfrocco during an operative procedure. The surgery was performed by defendant, and a circulating nurse and scrub technician were responsible for the sponge count. Although plaintiffs met their initial burden of establishing entitlement to judgment as a matter of law (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 497-498; *Benson v Dean*, 232 NY 52; *Blackburn v Baker*, 227 App Div 588, 590), defendant raised an issue of fact whether his reliance on the sponge count was reasonable (*see, Blackburn v Baker, supra*, at 589-590; *see also, Tallarico v Nassau Hosp.*, 115 AD2d 646; *Gravitt v Newman*, 114 AD2d 1000). The court erred in determining that defendant's affidavits were conclusory and thus insufficient to defeat plaintiffs' cross motion. In averring that he did not deviate from accepted practice in relying upon the sponge count, defendant reviewed in detail the nature of the alleged malpractice and explained why it is good and accepted practice for a surgeon to rely upon the sponge count of the hospital staff (*see, Maust v Arseneau*, 116 AD2d 1012; *cf., Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

The court properly granted that part of plaintiffs' cross motion seeking partial summary judgment against defendant St. Luke's Memorial Hospital Center (Hospital) on the issue of liability. Plaintiffs met their initial burden, and the Hospital failed to raise a triable issue of fact with respect to its negligence. We modify the order, therefore, by denying that part of plaintiffs' cross motion seeking partial summary judgment against defendant. (Appeals from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.