■ ROSE MARIE LaPIETRA et al., Respondents, v CLINICAL & INTERVENTIONAL CARDIOLOGY ASSOCIATES et al., Appellants. [776 NYS2d 386]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered September 12, 2003. The order,

insofar as appealed from, granted plaintiffs' motion for partial summary judgment on liability in a medical malpractice action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: In this medical malpractice action, plaintiffs' motion for partial summary judgment on liability was predicated upon the theory, advanced in the affidavit of plaintiffs' expert physician, that defendants' physician employee negligently left a #5 French catheter sheath beneath the skin of Rose Marie LaPietra (plaintiff) following a heart catheterization, coronary angiography, and ventriculography procedure. In opposition, defendants submitted evidence that the foreign object admittedly left in plaintiff was not a catheter sheath, but rather was a small piece of tubing used to encase a vasoseal device that was inserted into her femoral artery following completion of the procedure. Based on two letters of defendant Theckedath Mathew "acknowledging that a piece of sheathing or vasoseal device was left in plaintiff[,] causing an infection," Supreme Court granted plaintiffs' motion. In the alternative, the court concluded that plaintiffs were entitled to partial summary judgment on liability under the doctrine of res ipsa loquitur.

We reverse. Defendants' evidence that the foreign object left in plaintiff was a piece of vasoseal tubing and not the #5 French catheter sheath undermines the factual underpinning for the opinion of plaintiffs' expert concerning the alleged malpractice of defendants' physician employee, and thus raises a triable issue of fact. Accordingly, partial summary judgment on liability could not properly be granted based on the opinion of plaintiffs' expert (*see Cappolla v City of New York*, 302 AD2d 547, 549 [2003], *lv denied* 100 NY2d 511 [2003]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

As an alternative ground for its holding, the court sua sponte invoked the doctrine of res ipsa loquitur and concluded that plaintiffs were also entitled to partial summary judgment on liability pursuant to that doctrine. Even assuming, arguendo, that the court properly acted sua sponte in invoking the res ipsa doctrine, we conclude that it nevertheless erred in granting the motion. Res ipsa loquitur is applicable where, as here, a foreign body is unintentionally left in a patient following an operative procedure (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]). Thus, evidence that a foreign body, whether a catheter sheath or a piece of vasoseal tubing, was left in plaintiff's body is sufficient to establish malpractice liability as a matter of law if " 'the inference of negligence arising therefrom is inescapable

and unrebutted' " (*Thomas v New York Univ. Med. Ctr.*, 283 AD2d 316, 317 [2001], quoting *Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976, 977 [1999]). Here, however, defendants submitted evidence rebutting the inference of negligence, thus raising a triable issue of fact whether the physician who performed the procedure deviated from accepted standards of medical care (*see Cianfrocco v St. Luke's Mem. Hosp. Ctr.*, 265 AD2d 849, 850 [1999]; *Gravitt v Newman*, 114 AD2d 1000, 1000-1001 [1985]). Both the operating physician and defendants' expert physician averred that, given the small size and physical characteristics of the piece of angioseal tubing, the failure to detect its presence in plaintiff's body following the procedure was not a departure from accepted standards of medical care. We therefore reverse the order insofar as appealed from and deny the motion for partial summary judgment on liability. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.