# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**238**
**CA 11-00814**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

MARGUERITE JAMES, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

DAVID WORMUTH, M.D. AND CNY THORACIC
SURGERY, P.C., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

WOODRUFF LEE CARROLL, SYRACUSE, FOR PLAINTIFF-APPELLANT.

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (DANIEL P. LARABY
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(Brian F. DeJoseph, J.), entered January 19, 2011 in a medical
malpractice action. The judgment dismissed the amended complaint.

It is hereby ORDERED that the judgment so appealed from is
affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action
seeking damages arising from an operative procedure to remove a node
from her lung. On a prior appeal, we reversed the order insofar as
appealed from, denied defendants' motion for summary judgment
dismissing the complaint and reinstated the complaint (*James v
Wormuth*, 74 AD3d 1895). Supreme Court thereafter granted plaintiff's
motion seeking to amend the complaint, and a jury trial followed.
Plaintiff appeals from a judgment granting the motion of defendants at
the close of plaintiff's case to dismiss the amended complaint
pursuant to CPLR 4401. We affirm.

Plaintiff contends that reversal is required because this Court's
prior order is the law of the case. We reject that contention.
"[T]he denial of defendants' motion for summary judgment did not serve
as law of the case precluding the subsequent motion to dismiss" the
amended complaint at the close of plaintiff's case (*Bukowski v
Clarkson Univ.*, 86 AD3d 736, 739; *see Smith v Hooker Chem. & Plastics
Corp.*, 125 AD2d 944, 945, *affd* 70 NY2d 994, *rearg denied* 71 NY2d 995).

Contrary to plaintiff's further contention, we conclude, based on
the record before us, that the court properly granted defendants'
motion and dismissed the amended complaint. In her direct case,
plaintiff submitted no expert testimony and limited her proof of
causation to the testimony of David Wormuth, M.D. (defendant), who

testified that a fragment of thin wire was intentionally left inside plaintiff's thorax after it became separated from the tissue to which it was attached during the procedure.  In opposition to defendants' motion, plaintiff's attorney contended that plaintiff had made a prima facie case of medical malpractice based on the doctrine of res ipsa loquitur and thus that the case should be submitted to the jury.  Plaintiff's theory of recovery was limited, however, to the failure of defendant to remove the wire from plaintiff's thorax.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (*Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006; *see Elias v Bash*, 54 AD3d 354, 357, *lv denied* 11 NY3d 711).  Furthermore, it is well settled that, where the "theory of liability necessarily involves matters of medical science requiring professional skill and knowledge and, therefore, constitute[s] a medical malpractice theory of liability, [it] must be supported by expert medical testimony that there was a deviation from the standard of care" (*Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1036).  Inasmuch as plaintiff failed to establish the applicable standard of care or defendants' breach of it, plaintiff failed to make out a prima facie case and thus the court properly granted defendants' motion.

Under the unique factual and pleading status of this case, we reject plaintiff's further contention that she submitted sufficient evidence to submit the case to the jury under the theory of res ipsa loquitur.  "In New York it is the general rule that submission of the case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements:  (1) the event must be of a kind [that] ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [internal quotation marks omitted]).  Thus, res ipsa loquitur "is an evidentiary doctrine that merely permits the jury to infer negligence based on a well-founded understanding that the injury-causing event would not normally occur unless someone was negligent" (*States v Lourdes Hosp.*, 100 NY2d 208, 213-214, *rearg denied* 100 NY2d 577).  Although plaintiff is correct that "[r]es ipsa loquitur is applicable where . . . a foreign body is unintentionally left in a patient following an operative procedure" (*LaPietra v Clinical & Interventional Cardiology Assoc.*, 6 AD3d 1073, 1074), plaintiff neither established at trial nor argued in opposition to defendants' motion that the wire fragment was unintentionally left inside her thorax.  To the contrary, she elicited testimony from defendant that he purposely left the wire inside plaintiff because he determined, in the exercise of his medical judgment, that there was a lower risk of harm to plaintiff by taking that course of action than by making a larger incision to remove the wire.  In addition, in opposition to the motion, plaintiff specifically disavowed any reliance upon a theory that defendant was negligent in losing the wire

in plaintiff prior to his decision to leave it inside her. Consequently, she was required to establish that defendants breached the applicable standard of care and failed to do so.

All concur except FAHEY and SCONIERS, JJ., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent. In our view, Supreme Court erred in granting defendants' motion for a directed verdict pursuant to CPLR 4401 dismissing the amended complaint at the close of plaintiff's case, and we therefore would reverse the judgment, deny defendants' motion for a directed verdict, reinstate the amended complaint and grant a new trial.

"[A] directed verdict is 'appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' . . . In considering a motion for a directed verdict pursuant to CPLR 4401, 'the . . . court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Bennice v Randall*, 71 AD3d 1454, 1455, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556).

Plaintiff contends that she established a prima facie case of medical malpractice under the doctrine of res ipsa loquitur. "Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event" (*States v Lourdes Hosp.*, 100 NY2d 208, 211, *rearg denied* 100 NY2d 577). Application of that "ancient" doctrine (*id.*) "is warranted only when the plaintiff can establish the following elements: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [internal quotation marks omitted]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). In the context of a medical malpractice case, "[r]es ipsa loquitur is applicable where, as here, a foreign body is unintentionally left in a patient following an operative procedure" (*LaPietra v Clinical & Interventional Cardiology Assoc.*, 6 AD3d 1073, 1074; *see Kambat*, 89 NY2d at 495-496).

The evidence presented by plaintiff at trial established that David Wormuth, M.D. (defendant) performed a thorascopic lung biopsy procedure in which a wire was inserted into plaintiff's body and "hooked" or secured near or on the region of the lung that was to be biopsied. Defendant trimmed the wire to facilitate its passage through plaintiff's chest wall, ostensibly after the subject lung was deflated and, using a camera inserted into plaintiff's body, expected to find a fragment of the wire protruding from that lung. Defendant, however, was unable to locate a four-centimeter piece of wire that remained in plaintiff's body and searched for that object for 20 minutes before stopping, in part to minimize the amount of time that plaintiff was under general anesthesia, in part because he did not

think the object would cause any harmful effects and in part because a bigger incision to remove it would be deleterious to plaintiff.

Under the circumstances of this case, we respectfully disagree with the majority that the failure to remove the subject part of the wire was solely purposeful. The record establishes that the loss of that part of the wire was unintentional and, in our view, the fact that defendant realized the foreign body at issue had been lost before closing the incision does not change the fact that plaintiff presented evidence that the operation had the unplanned and inadvertent result of leaving an implement inside plaintiff's body. Even though a medical decision was made to abandon the lost implement and close the incision before it was recovered, the loss of that foreign body at the surgical site speaks for itself and satisfies the element of res ipsa loquitur at issue in this appeal (*see generally Kambat*, 89 NY2d at 497; *LaPietra*, 6 AD3d at 1074-1075). Put differently, on the facts before us, although the *search* for the foreign object lost inside plaintiff was intentionally abandoned, it cannot be said that the object itself was intentionally left in plaintiff during that procedure.

We also respectfully disagree with the majority's conclusion that plaintiff disavowed her theory that defendant was negligent in losing the wire inside of her body prior to deciding to abandon the wire inside plaintiff. At trial, plaintiff opposed defendant's motion for a directed verdict by arguing, inter alia, "that [the doctrine of] res ipsa [loquitur] applies here, in that a foreign object [that] should not have been left in the plaintiff was left there . . . ." In our view, through that argument, plaintiff contended that this case is one in which a foreign body was unintentionally left inside of plaintiff's body and thus one in which the doctrine of res ipsa loquitur applies.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court