Appeal from a judgment of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered January 19, 2011 in a medical malpractice action. The judgment dismissed the amended complaint.
It is hereby ordered that the judgment so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages arising from an operative procedure to remove a node from her lung. On a prior appeal, we reversed the order insofar as appealed from, denied defendants’ motion for summary judgment dismissing the complaint and reinstated the complaint (James v Wormuth, 74 AD3d 1895 [2010]). Supreme Court thereafter granted plaintiffs motion seeking to amend the complaint, and a jury trial followed. Plaintiff appeals from a judgment granting the motion of defendants at the close of plaintiffs case to dismiss the amended complaint pursuant to CPLR 4401. We affirm.
Plaintiff contends that reversal is required because this Court’s prior order is the law of the case. We reject that contention. “[T]he denial of defendants’ motion for summary judgment did not serve as law of the case precluding the subsequent motion to dismiss” the amended complaint at the close of plaintiffs case (Bukowski v Clarkson Univ., 86 AD3d 736, 739 [2011]; see Smith v Hooker Chem. & Plastics Corp., 125 AD2d 944, 945 [1986], affd 70 NY2d 994 [1988], rearg denied 71 NY2d 995 [1988]).
Contrary to plaintiffs further contention, we conclude, based on the record before us, that the court properly granted defend *1291 ants’ motion and dismissed the amended complaint. In her direct case, plaintiff submitted no expert testimony and limited her proof of causation to the testimony of David Wormuth, M.D. (defendant), who testified that a fragment of thin wire was intentionally left inside plaintiff’s thorax after it became separated from the tissue to which it was attached during the procedure. In opposition to defendants’ motion, plaintiffs attorney contended that plaintiff had made a prima facie case of medical malpractice based on the doctrine of res ipsa loquitur and thus that the case should be submitted to the jury. Plaintiffs theory of recovery was limited, however, to the failure of defendant to remove the wire from plaintiffs thorax.
“The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage” (Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]; see Elias v Bash, 54 AD3d 354, 357 [2008], lv denied 11 NY3d 711 [2008]). Furthermore, it is well settled that, where the “theory of liability necessarily involves matters of medical science requiring professional skill and knowledge and, therefore, constitute [s] a medical malpractice theory of liability, [it] must be supported by expert medical testimony that there was a deviation from the standard of care” (Lidge v Niagara Falls Mem. Med. Ctr. [appeal No. 2], 17 AD3d 1033, 1036 [2005]). Inasmuch as plaintiff failed to establish the applicable standard of care or defendants’ breach of it, plaintiff failed to make out a prima facie case and thus the court properly granted defendants’ motion.
Under the unique factual and pleading status of this case, we reject plaintiffs further contention that she submitted sufficient evidence to submit the case to the jury under the theory of res ipsa loquitur. “In New York it is the general rule that submission of the case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements: (1) the event must be of a kind [that] ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff’ (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]). Thus, res ipsa loquitur “is an evidentiary doctrine that merely permits the jury to infer negligence based on a well-founded understanding that the injury-causing event would not normally occur unless someone was *1292 negligent” (States v Lourdes Hosp., 100 NY2d 208, 213-214 [2003], rearg denied 100 NY2d 577 [2003]). Although plaintiff is correct that “[r]as ipsa loquitur is applicable where ... a foreign body is unintentionally left in a patient following an operative procedure” (LaPietra v Clinical & Interventional Cardiology Assoc., 6 AD3d 1073, 1074 [2004]), plaintiff neither established at trial nor argued in opposition to defendants’ motion that the wire fragment was unintentionally left inside her thorax. To the contrary, she elicited testimony from defendant that he purposely left the wire inside plaintiff because he determined, in the exercise of his medical judgment, that there was a lower risk of harm to plaintiff by taking that course of action than by making a larger incision to remove the wire. In addition, in opposition to the motion, plaintiff specifically disavowed any reliance upon a theory that defendant was negligent in losing the wire in plaintiff prior to his decision to leave it inside her. Consequently, she was required to establish that defendants breached the applicable standard of care and failed to do so.
All concur except Fahey and Sconiers, JJ., who dissent and vote to reverse in accordance with the following memorandum.