Fahey and Sconiers, JJ.
(dissenting). We respectfully dissent. In our view, Supreme Court erred in granting defendants’ motion for a directed verdict pursuant to CPLR 4401 dismissing the amended complaint at the close of plaintiff’s case, and we therefore would reverse the judgment, deny defendants’ motion for a directed verdict, reinstate the amended complaint and grant a new trial.
“[A] directed verdict is ‘appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party’ ... In considering a motion for a directed verdict pursuant to CPLR 4401, ‘the . . . court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (Bennice v Randall, 71 AD3d 1454, 1455 [2010], quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
Plaintiff contends that she established a prima facie case of medical malpractice under the doctrine of res ipsa loquitur. “Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event” (States v Lourdes Hosp., 100 NY2d 208, 211 [2003], rearg denied 100 NY2d 577 [2003]). Application of that “ancient” doctrine (id.) *1293 “is warranted only when the plaintiff can establish the following elements: (1) the event must be of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff’ (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986] [internal quotation marks omitted]; see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). In the context of a medical malpractice case, “[r]es ipsa loquitur is applicable where, as here, a foreign body is unintentionally left in a patient following an operative procedure” (LaPietra v Clinical & Interventional Cardiology Assoc., 6 AD3d 1073, 1074 [2004]; see Kambat, 89 NY2d at 495-496).
The evidence presented by plaintiff at trial established that David Wormuth, M.D. (defendant) performed a thorascopic lung biopsy procedure in which a wire was inserted into plaintiffs body and “hooked” or secured near or on the region of the lung that was to be biopsied. Defendant trimmed the wire to facilitate its passage through plaintiffs chest wall, ostensibly after the subject lung was deflated and, using a camera inserted into plaintiffs body, expected to find a fragment of the wire protruding from that lung. Defendant, however, was unable to locate a four-centimeter piece of wire that remained in plaintiffs body and searched for that object for 20 minutes before stopping, in part to minimize the amount of time that plaintiff was under general anesthesia, in part because he did not think the object would cause any harmful effects and in part because a bigger incision to remove it would be deleterious to plaintiff.
Under the circumstances of this case, we respectfully disagree with the majority that the failure to remove the subject part of the wire was solely purposeful. The record establishes that the loss of that part of the wire was unintentional and, in our view, the fact that defendant realized the foreign body at issue had been lost before closing the incision does not change the fact that plaintiff presented evidence that the operation had the unplanned and inadvertent result of leaving an implement inside plaintiffs body. Even though a medical decision was made to abandon the lost implement and close the incision before it was recovered, the loss of that foreign body at the surgical site speaks for itself and satisfies the element of res ipsa loquitur at issue in this appeal (see generally Kambat, 89 NY2d at 497; LaPietra, 6 AD3d at 1074-1075). Put differently, on the facts before us, although the search for the foreign object lost inside *1294 plaintiff was intentionally abandoned, it cannot be said that the object itself was intentionally left in plaintiff during that procedure.
We also respectfully disagree with the majority’s conclusion that plaintiff disavowed her theory that defendant was negligent in losing the wire inside of her body prior to deciding to abandon the wire, inside plaintiff. At trial, plaintiff opposed defendant’s motion for a directed verdict by arguing, inter alia, “that [the doctrine of] res ipsa [loquitur] applies here, in that a foreign object [that] should not have been left in the plaintiff was left there.” In our view, through that argument, plaintiff contended that this case is one in which a foreign body was unintentionally left inside of plaintiff’s body and thus one in which the doctrine of res ipsa loquitur applies. Present — Scudder, RJ., Smith, Fahey, Garni and Sconiers, JJ.