Peevey v Unity Health Sys. (2021 NY Slip Op 04440)





Peevey v Unity Health Sys.


2021 NY Slip Op 04440


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


377 CA 20-00684

[*1]LISA PEEVEY, PLAINTIFF-APPELLANT,
v
UNITY HEALTH SYSTEM AND ROCHESTER REGIONAL HEALTH SYSTEM, DEFENDANTS-RESPONDENTS. 






FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL C. PRETSCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Monroe County (James J. Piampiano, J.), entered May 19, 2020. The judgment decreed that defendants were not negligent and that no damages would be awarded to plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action alleging, in relevant part, that defendants were vicariously liable for the purported negligence of a doctor employed at defendants' hospital during the performance of laparoscopic surgery to treat plaintiff's ruptured ectopic pregnancy. Plaintiff appeals from a judgment entered upon a jury verdict finding that the doctor did not depart from the standard of care. Plaintiff's appeal brings up for review both that part of an order denying her pretrial motion for partial summary judgment on the issue of liability and the order denying her posttrial motion to set aside the verdict (see CPLR 5501 [a] [1], [2]). We affirm.
We reject plaintiff's contention that Supreme Court (Rosenbaum, J.) erred in denying her pretrial motion for partial summary judgment on the issue of liability. Although plaintiff met her initial burden of establishing entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986];
Cianfrocco v St. Luke's Mem. Hosp. Ctr., 265 AD2d 849, 850 [4th Dept 1999]), defendants raised a triable issue of fact whether the doctor departed from the accepted standard of medical care by submitting, inter alia, the affirmation of their expert obstetrician/gynecologist (see Cranker v Infantino, 229 AD2d 908, 908-909 [4th Dept 1996]). Defendants' expert opined, in contrast to the opinion of plaintiff's expert, that the vascular injury sustained by plaintiff during the procedure was a known and accepted complication associated with that type of laparoscopic surgery, which could occur in the absence of negligence, and that the doctor's performance of the surgery adhered to the accepted standard of medical care (see Matos v Schwartz, 104 AD3d 650, 651-652 [2d Dept 2013]). Contrary to plaintiff's contention, we conclude that the opinions of defendants' expert were not conclusory, unfounded, or speculative (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Wilk v James, 107 AD3d 1480, 1485 [4th Dept 2013]). Where, as here, the nonmovants' expert affirmation squarely opposes the affidavit of the moving party's expert, the result is a classic battle of the experts that is properly left to a jury for resolution (see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
We also reject plaintiff's contention that the court (Piampiano, J.) erred in denying her motion during trial for a directed verdict pursuant to CPLR 4401 and her posttrial motion insofar as it sought judgment notwithstanding the verdict pursuant to CPLR 4404 (a). Initially, we note that plaintiff failed to preserve for our review her contention that the court erred in admitting the [*2]expert testimony of defendants' general surgeon based on the purported lack of evidentiary foundation for that testimony (see generally Horton v Smith, 51 NY2d 798, 799 [1980]; Taylor-Gove v St. Joseph's Hosp. Health Ctr., 242 AD2d 879, 880 [4th Dept 1997], lv denied 91 NY2d 805 [1998]). Contrary to plaintiff's contention, upon our review of the conflicting factual and expert evidence presented by the parties at trial, we conclude that there was a rational process by which the jury could base a finding in defendants' favor (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Wolfe v St. Clare's Hosp. of Schenectady, 57 AD3d 1124, 1126 [3d Dept 2008]), i.e., that the doctor did not depart from the standard of care.
Contrary to plaintiff's further contention, we conclude that the court properly denied her posttrial motion pursuant to CPLR 4404 (a) insofar as it sought to set aside the verdict as against the weight of the evidence. It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]), and that is not the case here.
Finally, plaintiff contends that she is entitled to a new trial on the ground that defendants' attorney improperly argued before the jury during summation a theory regarding how the vascular injury occurred that was unsupported by the record. Plaintiff failed to object to the allegedly improper argument of defendants' attorney on summation, and thus plaintiff's contention is not preserved for our review (see Dailey v Keith, 306 AD2d 815, 816 [4th Dept 2003], affd 1 NY3d 586 [2004]). In any event, we conclude that any impropriety by defendants' attorney during summation was " 'not so flagrant or excessive that a new trial is warranted' " (Dombrowski v Moore, 299 AD2d 949, 951 [4th Dept 2002];
see Winiarski v Harris [appeal No. 2], 78 AD3d 1556, 1558 [4th Dept 2010]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court